### KINNEY v. MULOCH.

In case. On motion for discharge on common bail.

Matter of practice.

This was an action for a libel. The defendant had been arrested and held to bail, upon a Judge's order, in the sum of $5000. The defendant, in his own proper person, now moved to be discharged on common bail, on the ground that the writ did not designate any specific cause of action ; but commanded the Sheriff to arrest the defendant, " to answer to the plaintiff in a plea of trespass on the case " generally. He argued that upon this writ he might be declared against, in assumpsit, upon a promissory note, or bill of exchange, or upon a special agreement, or for a deceit, or trover and conversion ; or even for an injury to lands,

without force, as well as for a libel or words spoken. That under such a writ, a man might be subjected to great difficulty in procuring bail, not knowing with certainty, the true cause of action. If for a tort, the defendant might find a person willing to be his bail ; but not willing to become bail for so large a sum, if the action was on a promissory note or for money lent. Whereas, upon this writ, he could not learn the true cause of action, and he cited 1 *Chit. pr.* 2 ; 2 *Lill. Ent.* 539 ; 2 *East.* 308 ; 3 *Green's R.* 124; 1 *Harr. R.* 157 ; 19 *Wend, R.* 26.

Mr. *Whitehead* contra.

The opinion of the court was delivered by

HORNBLOWER, C. J. It is true, that this court, as a general rule, will govern itself in all cases, according to the rules of practice in the King's Bench, as they were established and acted upon in that court, at the time of our becoming independent of the crown ; except so far as those rules are inconsistent with our altered circumstances ; or have been abrogated by statute or by new and positive rules of this court ; or become obsolete and useless ; or have been superseded by a long and approved course of practice which has grown up here since the revolution, and has become a sort of common law of our own court. These exceptions, it will be perceived, have swept away a very large portion of the rules that existed in Westminster Hall, at the time of our revolution : nevertheless, there are still many matters of practice, in relation to which, we should be without any rules, if we are not governed by those of the King's Bench, relating to such matters. Such amongst others, is that which was recognized by this court, in *Armstrong* v. *Davis, Coxe's R.* 110, which was cited on the argument. In *Davison* v. *Frost,* 2 *East,* 305 the court was governed by an old rule, made in the year 1729, regulating the course of practice on the part of a defendant who had been arrested upon a writ in which the cause of action was " specially specified and expressed." But that rule had been framed under the influence of the statute of 13 *Car.* 2 *Sec.* 2 *c.* 2, which required the true cause of action, to be particularly expressed in the writ—that statute is not in force in

this State. It was indeed re-enacted here, in the 14th and 15th Sections of the act concerning Sheriffs, passed the 18th March, 1796, *Pat. R.* 201; but those sections were repealed by an act passed on the 16th Feb. 1820, *Rev. L.* 669. This repeal was no doubt recommended by Gov. Pennington, who made the revision of 1820, on the ground, that our statute requiring an affidavit of the cause of action, to authorize the arrest of a defendant, *Rev. laws,* 404; *Elm. Dig.* 422, had rendered the provisions of 13 *Car.* 2, useless. Such indeed was the argument of counsel, in *Davison* v. *Frost,* 2 *East,* 305, who insisted that since the statute of 12 *Geo.* 1 *c.* 29, requiring an affidavit for bail, (of which, ours above cited, is substantially a copy) it was unnecessary to express the true cause of action specially in the writ, since the defendant could only be held to bail for the sum sworn to and endorsed upon the writ. Lord Ellenborough, however, feeling himself bound by the old rule of 1729, above cited, held the writ to be defective, and discharged the defendant, on common bail.— The statute upon which that rule was framed, having been repealed in this State, in 1820, as above mentioned, it has not since that time, (whatever might have been the practice prior to such repeal,) been necessary to specify the cause of action in any writ of *capias* with greater precision than has been done in this case. Indeed the trespass clause, which originally lay at the foundation of the jurisdiction of the King's Bench, has for more than 20 years past, been held unnecessary in this court, and been entirely omitted by some of our oldest and most accurate practitioners; and though in that matter, as in respect to the specific cause of action being set out in the writ, the practice has not been uniform among the members of the bar; nor indeed have individual members been uniform in their own practice in these matters; yet the very diversity which has so long existed at the bar of this court, as appears by a recurrence to the files of writs, shews, that the court and bar, have not thought it essential to a good writ, to insert either the allegation of a trespass, or to specify the precise ground of action, in the *ac etiam* clause, with more particularity than is done in this case. Besides, the defendant's apprehensions are fanciful and groundless. He must go the whole length of requiring at least the substance of the

N. J. Turnpike Co. v. Hall, et al.

declaration to be inserted in the writ, in order to remove the ground of his fears.

In bailable actions, the affidavit always on file, when the writ issues, will disclose to a defendant the true cause of action ; and in case of a Judge's order, the affidavits on which the order is founded are generally, and ought always to be, filed by the Judge : if the defendant is really ignorant of the cause of his arrest, he can be at no loss to discover the specific ground of action, by an appeal to the Judge who made the order, or procuring a copy of the affidavits, as was.done in this very case.

The court, are therefore of opinion, that the cause of action is sufficiently expressed in this writ, and the motion must be denied ; but without costs, as this matter seems not hitherto to have undergone any discussion or judicial decision, before the court.

*Motion denied.*